# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HOWAR JOSE NAVARRO INCIARTA,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

Case No. 1:26-cv-01360-JLT-SAB-HC

ORDER FOR SUPPLEMENTAL BRIEFING

Petitioner is a federal immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On March 12, 2026, Respondent filed a response to the petition, which states in pertinent part:

> In the pleading, Petitioner principally argues he should not be detained because he has Temporary Protected Status ("TPS"). *See id.* at 6-7. Petitioner does not otherwise make any claim that his detention is unconstitutional or otherwise unlawful. Notably, Petitioner has presented no evidence that he was ever granted TPS. However, government records indicated that Petitioner never had TPS. As such, Petitioner has not stated a claim for habeas relief. Accordingly, the Petition must be denied.

(ECF No. 9 at 1.[1])

Although Respondent asserts that Petitioner only raises a claim based on TPS and "does not otherwise make any claim that his detention is unconstitutional or otherwise unlawful," (ECF No. 9 at 1), the petition alleges that Petitioner has been detained since October 15, 2025, and has

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

not been to court in that time and that Petitioner always attended his ICE appointments and was arrested unfairly. (ECF No. 1 at 6.)

"We are specifically directed to 'construe pro se pleadings liberally.' This duty applies equally to pro se motions and with special force to filings from pro se inmates." United States v. Qazi, 975 F.3d 989, 993 (9th Cir. 2020) (internal citations and footnote omitted). Accordingly, the Court construes the petition as raising claims challenging Petitioner's re-detention, the statutory authority of Petitioner's detention, and Petitioner's continued detention without a bond hearing. Further, the Court finds that supplemental briefing addressing the petition's allegations and the construed claims will be helpful to the Court.

Accordingly, the Court HEREBY ORDERS that:

1.  Within **twenty-one (21) days** of the date of service of this order, Respondent SHALL FILE a supplemental response addressing the issues set forth above; and

2.  Within **fourteen (14) days** of the date of service of Respondent's supplemental response, Petitioner MAY FILE a traverse.

IT IS SO ORDERED.

Dated:   **March 16, 2026**   _____

STANLEY A. BOONE
United States Magistrate Judge

2